NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JANE INYE FUBARA <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General <br><br> Respondent. | No. 05-73537 <br><br> Agency No. A075-185-364 <br><br> MEMORANDUM [*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 5, 2009
San Francisco, California

Before: HUG, RYMER and McKEOWN, Circuit Judges.

Jane Inye Fubara, a native and citizen of Nigeria, petitions for review of a
final decision issued by the Board of Immigration Appeals ("BIA"), affirming an
Immigration Judge's ("IJ") denial of cancellation of removal from the United
States. We deny the petition for review.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

"Where, as here, the BIA adopts the IJ's decision while adding its own reasons, we review both decisions." *Kataria v. INS*, 232 F.3d 1107, 1112 (9th Cir. 2000). Credibility findings by the IJ and the BIA are reviewed for substantial evidence. *Ramos-Vasquez v. INS*, 57 F.3d 857, 861 (9th Cir. 1995). To reverse the BIA's findings, the court must find that the evidence not only supports the opposite conclusion, but compels it. *INS v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992); *Singh v. INS,* 134 F.3d 962, 966 (9th Cir. 1998).

Substantial evidence supports the IJ's credibility determination that Fubara's marriage was not bona fide and that Fubara is thus deportable. *See* 8 U.S.C. § 1227(a)(1)(G). Among other evidence, the IJ relied on a sworn statement to the INS by Fubara's ex-husband, Daryl Willis, acknowledging that Fubara had paid Willis as much as $1,000 to marry her as well as Fubara's admission that her visa petition was denied by the INS on this ground. Furthermore, the IJ found Fubara's affidavits regarding her married life with Willis inconsistent with those of Willis. Finally, the IJ noted that according to Fubara's own testimony, there were a number of people who could have testified that the marriage was bona fide, if this were the case, but that none appeared in court to do so. Accordingly, the IJ did not need to reach the battered spouse argument covered by 8 U.S.C. § §1229b(b)(2). In addition, Fubara has not shown that Dr. Aron's failure to testify at the hearing

2

had the potential for affecting the outcome of the proceedings. *United States v. Cerda-Pena,* 799 F.2d 1374, 1379 (9th Cir. 1986). In short, no evidence compels a different result than that reached by the IJ and BIA. *Elias-Zacarias*, 502 U.S. at 481 n.1.

**PETITION FOR REVIEW DENIED**.